FILED
United States Court of Appeals
Tenth Circuit

December 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIEL PHILLIPS,

        Plaintiff-Appellant,

v.

KIMBRA L. MARTIN,

        Defendant-Appellee.

No. 08-3057
(D.C. No. 2:06-CV-02442-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **EBEL** and **GORSUCH**, Circuit Judges.

Plaintiff Daniel Phillips filed this declaratory judgment action, asking the

district court to enjoin his ex-wife, defendant Kimbra Martin, from engaging in

further efforts to collect child support from him. The district court ruled to

abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because there were on-going

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state proceedings when Phillips filed this suit. Phillips appeals from the district court's order of dismissal. We affirm.

I.

The district court thoroughly reviewed the complicated history of the child support proceedings between these parties, and we need not repeat all of that history here. Suffice it to say that when Phillips and Martin divorced in Johnson County, Kansas, in June 1989, the divorce decree included a provision for Phillips to pay Martin certain child support expenses for their son. Phillips remained in the Kansas City area, living in Missouri for awhile and then in Kansas. Martin and the child moved first to New Jersey in 1991 and then to Washington state in 1992. Martin registered the Kansas child support order in a Washington state court and got a judgment against Phillips that she unsuccessfully attempted to collect through the Missouri state system while Phillips was living in Kansas City, Missouri. Phillips was later prosecuted in federal court in the State of Washington for failing to pay child support, in violation of 18 U.S.C. § 228. He settled that proceeding by paying restitution. Martin, however, continued to try to collect additional amounts under the Washington state court order. Phillips unsuccessfully attempted to have his payment of federal restitution acknowledged by state courts in both Washington and Kansas as a final payment to Martin.

Rather than continue to appeal in the state court systems, however, Phillips filed this federal suit in Kansas in October 2006, seeking a declaratory judgment and equitable relief. He argued that a federal court had already determined the amount owed under the Kansas child support order and that Martin should be enjoined from further attempts to recalculate these amounts or collect additional money in interstate commerce.

## II.

"We review *de novo* the district court's decision to abstain pursuant to *Younger*." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The district court correctly stated that "a federal district court must abstain from hearing a federal case" when

> (1) a state criminal, civil or administrative proceeding is pending; (2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

R., Doc. 76, at 7-8 (citing *Amanatullah*, 187 F.3d at 1163).

Phillips argues that the district court should not have abstained from hearing this suit under *Younger* because: (1) no federal court charged with interpreting a federal court order has ever declined to exercise jurisdiction; (2) no other forum exists in which to properly raise these claims; and (3) the Washington

state courts cannot truly claim an important state interest in these proceedings. *See* Aplt. Opening Br. at 16-17.

We have carefully reviewed the parties' arguments in light of the record on appeal and the governing law. We are unpersuaded by Phillips' assertions of error and affirm for substantially the reasons set forth by the district court. In addition, we note that Martin's supplemental authority shows that proceedings related to the collection of child support from Phillips were on-going in a Kansas state court when the federal district court ruled to abstain under *Younger*.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge